COMMONWEALTH of Pennsylvania,
Appellee,

v.

Ramy M. KHALIL, Appellant.

Superior Court of Pennsylvania.

Submitted June 3, 2002.
Filed Aug. 2, 2002.
Reargument Denied Oct. 4, 2002.

Robert B. Manchester, Bellefonte, for appellant.

Ray F. Gricar, Asst. Dist. Atty., Bellefonte, for Com., appellee.

BEFORE: MUSMANNO, POPOVICH and CAVANAUGH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Ramy Khalil appeals his judgment of sentence entered in the Court of Common Pleas of Centre County following his conviction on two separate criminal complaints. At CC 2000–1226, Appellant was convicted of one count of failure of a disorderly person to disperse upon an official order, in violation of 18 Pa.C.S.A. § 5502. At CC 2000–1664, Appellant was convicted of one count of resisting arrest, in violation of 18 Pa.C.S.A. § 5104. Appellant was sentenced to an aggregate term of 60 days to 13 months incarceration. Upon review, we affirm.

¶ 2 Appellant raises two questions for our review:

(1) Was trial counsel ineffective for not offering a defense even though he had exculpatory witnesses and pictures available at the time of trial?

(2) Were [Appellant's] sentences excessive with no evidence of record to justify aggravated circumstances?

Appellant's brief, at 11.

¶ 3 The relevant facts and procedural history are summarized as follows: Appel-

lant was arrested in connection with his involvement in the "Arts Festival Riot" that took place in downtown State College, Pennsylvania on July 15, 2000. At CC 2000–1226, Appellant was charged with failure of disorderly persons to disperse upon official order, in violation of 18 Pa. C.S.A. § 5502, and disorderly conduct, in violation of 18 Pa.C.S.A. § 5503(a)(4). At CC 2000–1664, Appellant was charged with resisting arrest, in violation of 18 Pa.C.S.A. § 5104.

¶ 4 A jury trial was held on March 9, 2001, and Appellant was found guilty of failure to disperse and resisting arrest. The Commonwealth *nol prossed* the charge of disorderly conduct. On May 14, 2001, Appellant was sentenced to 30 days to 11 months of incarceration at CC 2000–1226 and a consecutive sentence of 30 days to 12 months at CC 2000–1664.

¶ 5 Appellant, represented by new counsel, filed timely post-sentence motions on May 24, 2001. On September 5, 2001, the trial court issued an order issuing a rule to show cause against the Commonwealth to show why Appellant's post-sentence motions should not be granted. The rule was made returnable at a hearing to be held on October 15, 2001. The trial court mistakenly scheduled the hearing after the 120–day limit to rule on post-sentence motions as prescribed by Pa.R.Crim.P. 720(B)(3)(a). On September 26, 2001, 125 days after the initial post-sentence motion, Appellant filed a motion for a 30–day extension pursuant to Pa.R.Crim.P. 720(B)(3)(b). The trial court granted the motion on September 28, 2001, and noted that it was required by law to decide the motion by October 27, 2001. Later, on October 24, 2001, the trial court issued an order denying the post-sentence motions by operation of law. Afterwards, the trial court filed yet another order on October 31, 2001, amending its September 28, 2001,

order to state that it was required to make a decision on the motions by October 22, 2001. On November 16, 2001, Appellant filed a notice of appeal to this Court. Thereafter, on December 11, 2001, the trial court ordered Appellant to file a 1925(b) concise statement of matters complained of on appeal. Appellant filed the 1925(b) statement on December 26, 2002, and the trial court authored an opinion, addressing the issues Appellant raised in the 1925(b) statement.

¶ 6 Before we consider the merits of Appellant's claims, we must determine whether the appeal is properly before us. *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999) (appellate courts may consider the issue of jurisdiction *sua sponte* ). Pennsylvania Rule of Criminal Procedure 720 states, in pertinent part:

**(A) Timing.**

(1) Except as provided in paragraph (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law;

\* \* \*

**(B) Optional Post–Sentence Motion.**

\* \* \*

(3) Time limits for Decision on Motion.

The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a) Except as provided in Paragraph (B)(3)(b), the judge shall

decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

(b) Upon motion of the defendant within the 120–day disposition period, for good cause shown, the judge may grant one 30–day extension for decision on the motion. If the judge fails to decide the motion within the 30–day extension period, the motion shall be deemed denied by operation of law.

(c) When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and shall forthwith furnish a copy of the order by mail or personal delivery to the attorney for the Commonwealth, the defendant(s), and defense counsel that the post-sentence motion is deemed denied. This order is not subject to reconsideration.

(4) Contents of order.

An order denying a post-sentence motion, whether signed by the clerk of courts, or an order entered following a defendant's withdrawal of post-sentence motion, shall include notice to the defendant of the following:

(a) The right to appeal and the time limits within which the appeal must be filed;

(b) The right to assistance of counsel in the preparation of the appeal;

(c) The rights, if the defendant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Rule 122; and

(d) The qualified right to bail under Rule 521(b).

¶ 7 As shown above, a petition for extension pursuant to Pa.R.Crim.P. 720(B)(3)(b) must take place during the 120–day disposition period. The record indicates that the judgment of sentence was imposed on May 14, 2001. Appellant filed his post-sentence motions in a timely fashion on May 24, 2001, within 10 days of the judgment of sentence. *See* Pa. R.Crim.P. 720(A)(1). Mechanically, the run-date for purposes of Pa.R.Crim.P. 720(B)(3)(a) was September 21, 2001, which was 120 days from the filing of the post-sentence motions on May 24, 2001. Appellant's petition for extension was not filed until September 26, 2001. Consequently, the trial court was without power to rule on the petition for extension because the original post-sentence motion had already been deemed denied by law pursuant to Pa.R.Crim.P. 720(B)(3)(a). *See Commonwealth v. Santone,* 757 A.2d 963 (Pa.Super.2000) (holding trial court's modification of sentence after 120–day period to decide post-sentence motions a nullity because post-sentence motions deemed denied by operation of law). The trial court entered an order granting the motion for extension, but did not act on the motion. The trial court then entered an order on October 24, 2001, stating that the motion was "deemed denied by operation of law." Since the post-sentence motions were deemed denied by operation of law on September 21, 2001, the trial court's orders granting an extension of time and

denying the post-sentence motions by operation of law on October 24th were a legal nullity because the trial court's jurisdiction ended September 21st. Therefore, Appellant had 30 days from September 21st to appeal. Thus, the November 16th appeal was untimely. However, we have held that we will address an otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted in an untimely appeal. *Commonwealth v. Anwyll,* 333 Pa.Super. 453, 482 A.2d 656 (1984).

¶ 8 At the outset, we note that it is well-settled law that the appellate courts cannot generally extend the time for filing an appeal. *See* Pa.R.A.P. 105(b). Nevertheless, in *Commonwealth v. Braykovich,* 444 Pa.Super. 397, 664 A.2d 133 (1995), we addressed an untimely appeal because it was shown that breakdown of the processes of the trial court caused the appeal to be untimely. Our decision in *Braykovich* is instructive in our analysis of whether a breakdown of the processes of the trial court occurred in this case. In *Braykovich,* Braykovich filed a timely post-sentence motion on April 19, 1994. *Braykovich,* 664 A.2d at 135. The trial court did not address the motion until it denied the motion on September 13, 1994, after the 120–day period to rule on post-sentence motions expired. *Id.* Thereafter, Braykovich brought appeal to this Court on October 11, 1994. *Id.* We were compelled to examine whether the appeal was timely and held that, although the appeal was filed on October 11, 1994, it was timely because the late appeal was due to a breakdown in the processes of the trial court. *Id.* at 138. We found a breakdown in the processes of the trial court because the clerk of courts failed to enter an order

denying Braykovich's post-sentence motions by operation of law as required by Pa.R.Crim.P. 1410.[1] We found this error deprived Braykovich of notice of the expiration of the 120–day period allowed for the decision of the post-sentence motions, and the beginning of the 30–day period allowed for direct appeal. Thus, this breakdown caused Braykovich to file his notice of appeal out of time. *Id.* at 138. Accordingly, we addressed Braykovich's appeal.

¶ 9 Viewing this case in the light of *Braykovich,* we first note that the trial court erred on its September 5th order when it scheduled the rule returnable at a hearing to be held after the September 21, 2001 run-date. Evidently, Appellate counsel discovered the trial court's error and then filed a petition to extend time for decision on the post-sentence motion on September 26, 2001, 5 days after the September 21st run-date. The trial court's grant of this petition to extend on September 28, 2001, was a nullity because it was deemed denied by operation of law on September 21, 2001. *See* Pa.R.Crim.P. 720(B)(3)(a); *see also Santone,* 757 A.2d at 964. Because Appellant's post-sentence motions were denied by operation of law on September 21, 2001, he was required to file his notice of appeal 30 days from that date, which he failed to do.

¶ 10 Nevertheless, we will address Appellant's claims because we find that the holding of *Braykovich* leads us to the conclusion that the failure of the clerk of courts to issue an order on September 21, 2001, deeming Appellant's post-sentence motions denied by operation of law, was a breakdown of the processes of the trial court.[2] Central to the holding in *Brayko-*

---

1. We note that *Braykovich* interpreted Pa. R.Crim.P. 1410, later amended and renumbered as Pa.R.Crim.P. 720, effective April 1, 2001.

2. We note that it is unclear whether the trial court's erroneous order of September 5, 2001, caused the clerk of courts' failure to enter this order.

*vich* was the failure of the clerk of courts to give notice of Braykovich's direct appeal rights in the order deeming post-sentence motions denied by operation of law mandated by Pa.R.Crim.P. 1410(B)(3)(c) and (B)(4) (now renumbered as rules 720(B)(3)(c) and (B)(4)). As we stated in *Braykovich:*

> The comment to the aforementioned section of Rule 1410 enunciates the intent behind the notice requirement as follows:
>
> > Subsection B(4) protects the defendant's right to appeal by requiring that the judge's order denying the motion, or the clerk of courts' order denying the motion by operation of law, contain written notice of the defendant's appeal rights. This requirement insures adequate notice to the defendant, which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion.
>
> In the instant case, the clerk of courts failed to enter the appropriate order "forthwith," denying the motion by operation of law. Thus, appellant filed his appeal after the expiration of 120 days.

*Braykovich,* 664 A.2d at 135–136 (citations omitted).

¶ 11 The present case is similar to *Braykovich* in that the clerk of courts failed to enter the order deeming Appellant's post-sentence motions denied by operation of law. This error was compounded by the trial court's original error of scheduling the September 5th rule returnable after the 120–day period for decision on post-sentence motions and was further compounded by the trial court's erroneous grant of an extension of time on the post-sentence motions and subsequent order deeming the post-sentence motions denied by operation of law (which were both entered after the 120–day period). This or-

der is important in two respects. First, it informs a defendant that the 30–day time limit for direct appeal has begun, and, second, it appraises the defendant of his rights on appeal. We are unable to ignore the failure of the trial court to inform Appellant of his appeal rights, and we are constrained to find that it was the breakdown of the processes of the trial court that caused Appellant's untimely appeal. Accordingly, we will address the merits of this appeal.

■ ¶ 12 We turn to Appellant's first issue: Whether trial counsel was ineffective for failing to offer a defense even though he had exculpatory witnesses and pictures available at the time of trial.

■ ¶ 13 Our standard of review for claims of the ineffective assistance of counsel is well-settled. The law presumes that counsel was not ineffective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Hall,* 549 Pa. 269, 288, 701 A.2d 190, 200 (1997), *cert. denied,* 523 U.S. 1082, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998). To establish an ineffective assistance of counsel claim, *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987), and its progeny require the appellant to satisfy a three-prong inquiry: (1) whether the underlying claim is of arguable merit; (2) whether or not counsel's acts or omissions had any reasonable strategic basis designed to advance the interests of the appellant; and (3) whether there is a reasonable probability that the outcome of the proceedings would have been different, but for the errors and omissions of counsel. *Commonwealth v. Fletcher,* 561 Pa. 266, 288, 750 A.2d 261, 273 (2000). If the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue. *Commonwealth v. Rollins,* 525 Pa. 335, 343, 580 A.2d 744, 748 (1990). Also, if the

prejudice prong of the ineffectiveness standard is not met, "the claim may be dismissed on that basis alone and [there is no] need [to] determine whether the [arguable merit] and [client's interests] prongs have been met." *Fletcher,* 750 A.2d at 274.

 ¶ 14 To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483, 485 (1987). A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. *Commonwealth v. Nock,* 414 Pa.Super. 326, 606 A.2d 1380 (1992). Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense. *Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989), *allocatur denied,* 524 Pa. 617, 571 A.2d 380 (1989).

¶ 15 Applying the foregoing standard, we find that Appellant's ineffective assistance claim lacks arguable merit. We first note that Appellant has failed to provide affidavits from the putative witnesses. Appellant attaches statements from two individuals to the body of his brief. These statements are not affidavits. An affidavit is:

[a] statement in writing of a fact or facts signed by the party making it, sworn to or affirmed before an officer authorized by the laws of this Commonwealth to take acknowledgments of deeds, or authorized to administer oaths, or before the particular officer or individual designated by law as the one before whom it is to or may be taken, and officially certified to in the case of an officer under his seal of office.

1 Pa.C.S.A. § 1991.

 ¶ 16 The statements offered are not affidavits because they are not sworn statements. Further, Appellant failed to meet the requirements for ineffective assistance of counsel for failure to call a witness. Turning to the first prong of the requirements, we note that although it is arguable that the witnesses existed by virtue of their statements, these statements do not meet the second and fourth prongs of the test because they do not indicate whether the individuals were available and willing to cooperate with the defense. Nor do these statements indicate that the persons who authored them were known to counsel. Evidently, at the beginning of trial, trial counsel indicated that he was going to present Appellant and two witnesses in his case-in-chief. N.T. Trial, 3/9/2001, at 5. However, besides Appellant, the other witnesses were not identified. Thus, the putative witnesses identified in Appellant's brief may or may not be the witnesses trial counsel intended to call. Finally, it is not at all clear that the absence of these statements prejudiced Appellant so as to deny him a fair trial. These statements merely recount a version of the facts as supposedly observed by the individuals who authored the statements.[3] This Court will not grant relief based on

---

**3.** Trial counsel's failure to call a particular witness does not constitute ineffective assistance of counsel without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense. *See Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989). Here, it would be difficult to show that the testimo-

an allegation that a certain witness may have testified in the absence of an affidavit from that witness to show that the witness would, in fact, testify. *See Commonwealth v. Lassen*, 442 Pa.Super. 298, 659 A.2d 999, 1012 (1995) (providing that affidavit showing witness' willingness and ability to cooperate must be present for relief to be granted). Accordingly, we find Appellant's claim is without merit.

¶ 17 Next, we turn to Appellant's second issue: Whether Appellant's sentences were excessive where there was no evidence of record to justify aggravated circumstances. Appellant's claim attacks the discretionary aspects of his sentence. There is no absolute right to direct appellate review of a discretionary sentencing claim, and a party wishing to raise such an issue must petition this Court for permission to appeal and demonstrate that there is a substantial question that the sentence is inappropriate. *See* 42 Pa.C.S.A. § 9781(b); *see also Commonwealth v. Greene*, 702 A.2d 547, 551 (Pa.Super.1997). Challenges to the discretionary aspects of sentences must comply with Pa.R.A.P. 2119(f), which states:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

¶ 18 Here, Appellant has failed to comply with the requirements of Pa.R.A.P. 2119(f) because he has not filed a concise statement of reasons relied upon for the allowance of appeal. The Commonwealth has objected to this deficiency. Accordingly, we decline to review Appellant's sentencing claim and find it waived. *Cf. Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super.2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court may entertain discretionary sentencing claim if Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).[4] As we have disposed of all of Appellant's claims, we affirm his judgment of sentence.

¶ 19 Judgment of sentence affirmed.

---

ny of the putative witnesses was beneficial to the defense because Appellant asserted no defense at trial.

4. We also note that Appellant has failed to develop any argument pertaining to his sentencing claim in the body of his brief. Therefore, even if Appellant had the required 2119(f) statement, his issue on appeal would have been waived for failure to develop the argument. *See Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa.Super.1998) (this Court will not entertain undeveloped issues on appeal).