J-S81029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY TEJADA | : | |
| | : | |
| Appellant | : | No. 612 MDA 2018 |

Appeal from the Judgment of Sentence September 14, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000389-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 29, 2019**

Appellant, Ricky Tejada, appeals from the Judgment of Sentence of twenty-one to forty-two months of incarceration, imposed on September 14, 2017, following his conviction for Aggravated Harassment by Prisoner.[1] Appointed counsel, Gregory A. Jackson, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967). In turn, Appellant has filed *pro se* a Response and an Application for Relief. We affirm the Judgment of Sentence, grant counsel's Application to Withdraw, and deny Appellant's Application for Relief.

We have previously stated the background to this case as follows. "While housed at the state correctional facility on another matter, Appellant

_____

[1] 18 Pa.C.S. § 2703.1.

* Former Justice specially assigned to the Superior Court.

spit in the face of a corrections officer who was attempting to remove Appellant from the law library." ***Commonwealth v. Tejada***, 161 A.3d 313, 315 (Pa. Super. 2017).[2] During the trial that followed, Appellant struck his attorney. ***Id.*** Counsel moved for a mistrial and asked to withdraw, both of which the court granted. ***Id.***

In January 2015, the trial court appointed new counsel to represent Appellant. Trial Ct. Order, 1/30/15. In July 2015, a jury trial commenced via videoconference; the jury convicted Appellant, and the court imposed sentence. ***See Tejada***, ***supra*** at 316.

On appeal, Appellant asserted that a violation of Due Process occurred when the court denied him an opportunity to demonstrate his rehabilitation and attend his retrial in person. ***Id.*** at 316 n.3. A panel of this Court found no infringement of Appellant's rights. ***Id.*** at 318-20. Nevertheless, reviewing the discretionary aspects of his sentence, the panel concluded the trial court had abused its discretion when it imposed a sentence without the benefit of a pre-sentence investigation (PSI) report. ***Id.*** at 320-21. The panel, therefore, vacated Appellant's Judgment of Sentence and remanded for further proceedings. ***Id.*** at 321.

---

[2] The Complaint filed in this matter indicates the incident took place "on or about 06/12/14 at approximately 1535 hours." Huntingdon Cnty. Criminal Complaint No. G03-1368547, 6/25/14, at 1 (unpaginated) (unnecessary capitalization removed).

On remand, following submission of a completed PSI report, the trial court imposed the standard-range sentence indicated above, to be served consecutively to any other sentence already being served.[3] Sentencing Order, 9/14/17.

Appellant timely filed a Post-Sentence Motion. Appellant preserved no substantive issues; rather, he sought leave "to supplement and amend" his Post-Sentence Motion "prior to the [c]ourt's final consideration." Appellant's Post-Sentence Motion, 9/19/17, at 1. The court granted Appellant's request, affording him until November 13, 2017, to supplement his Motion and extending the 120-day dispositional period by thirty days. Trial Ct. Order, 9/29/17 (citing Pa.R.Crim.P. 720(B)(3)(b)). Appellant filed no amendment to his Post-Sentence Motion.

In December 2017, the court issued an order extending the dispositional period an additional thirty days. Trial Ct. Order, 12/14/17. Thereafter, the court denied Appellant's Post-Sentence Motion. Trial Ct. Order, 3/9/2018.

Appellant appealed and filed a Statement in which counsel indicated his intention to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). In response, the trial court directed our attention to "the record and [its] prior decisions." Trial Ct. Order, 9/6/18.

Initially, we observe that Appellant's appeal followed several procedural errors by the trial court. Pennsylvania Rule of Criminal Procedure 720 governs

---

[3] This is the same sentence as originally imposed.

the manner in which the court reviews a defendant's post-sentence motion. A defendant must file a written post-sentence motion no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(a)(1). Generally, the court shall decide a post-sentence motion within 120 days. Pa.R.Crim.P. 720(B)(3)(a). In its discretion, the court may "grant **one 30-day extension** for decision on the [post-sentence] motion." Pa.R.Crim.P. 720(B)(3)(b) (emphasis added). "If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law." ***Id.***

"When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court" in accordance with the service provisions set forth in Rule 114. Pa.R.Crim.P. 720(B)(3)(c). Notice of the court's decision or the denial by operation of law shall trigger a defendant's 30-day direct appeal period. ***Commonwealth v. Khalil***, 806 A.2d 415, 420-21 (Pa. Super. 2002); Pa.R.Crim.P. 720 *Comment*.

Failure to adhere to the procedures outlined in Rule 720, including its notice provisions, results in a breakdown of the court's processes that may require remediation. For example, in ***Khalil***, a defendant timely filed a post-sentence motion. ***Khalil***, ***supra*** at 418. The trial court mistakenly scheduled a hearing on the motion beyond the expiration of the 120-day, post-sentence review period. ***Id.*** Realizing the court's error, the defendant filed a motion requesting an extension of the review period. ***Id.*** The court granted the motion; however, both the motion and the court's approval occurred **after** the

review period had expired. *Id.* Thereafter, the court denied the post-sentence motion, and the defendant appealed. *Id.*

Upon review, we determined the trial court was without power to extend the post-sentence review period or to rule on the merits of the defendant's post-sentence motion. *Id.* at 419-20 (holding that the court's untimely extension and subsequent denial "were a legal nullity"). Compounding these errors, we observed that the clerk of courts had failed to enter an order on the docket or notify the defendant that his post-sentence motion was deemed denied by operation of law. *Id.* at 420-211. These several errors comprised a breakdown in the processes of the trial court, necessitating that we address the merits of his appeal. *Id.* (explaining that such a breakdown deprives a defendant of adequate notice of his constitutional right to a direct appeal); *see also, e.g.*, *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (deeming PCRA petitioner's appeal timely where clerk failed to notify petitioner of order denying collateral relief, thus concluding "the period for taking an appeal was never triggered"); Pa.R.Crim.P 114 (addressing filing and service requirements).

Here, Appellant filed his Post-Sentence Motion on September 19, 2017. Initially, the court was required to decide the Motion within 120 days, by January 17, 2018. *See* Pa.R.Crim.P. 720(B)(3)(a). The court extended the post-sentence review period by 30 days to February 16, 2018. This was an

appropriate exercise of the court's discretion. **See** Pa.R.Crim.P. 720(B)(3)(b).[4]

However, when the trial court did not address the merits of Appellant's Post-Sentence Motion by February 16, 2018, the Huntingdon County Clerk of Courts was required to issue an order denying Appellant's Post-Sentence Motion by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(b), (c). It failed to do so. As in **Khalil**, Appellant here did not receive notice triggering the 30-day period for his direct appeal. Accordingly, we deem his Notice of Appeal timely filed. **Khalil**, **supra** at 420-21; Pa.R.Crim.P. 720 Comment.

In this Court, counsel has filed an **Anders** Brief raising several issues potentially supporting Appellant's appeal: (1) a purported challenge to discretionary aspects of Appellant's sentence, (2) an assertion that the court erred in failing to afford him an opportunity to review personally the PSI report, (3) an assertion that the prosecutor had a conflict of interest, (4) an alleged **Brady** violation,[5] and (5) allegations of counsel's ineffectiveness. **See** **Anders** Br. at 3-5 (unpaginated).[6] In addition, counsel has filed an

---

[4] In contrast, the second extension granted by the trial court on December 14, 2017, was improper; we, thus, deem it a legal nullity. **Khalil**, **supra** at 419-20. Similarly, the court's subsequent order denying Appellant's Post-Trial Motion on the merits was without legal effect. **Id.**

[5] **See Brady v. Maryland**, 373 U.S. 83 (1963).

[6] We have reorganized the issues addressed by counsel.

Application to Withdraw as Counsel. Appellant *pro se* filed a Response to counsel's **Anders** brief, presenting the same issues raised by counsel. **See** Appellant's Response, 11/21/18.[7]

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal;

---

[7] Appellant's Response in nearly incomprehensible. We have expended considerable effort to accurately characterize Appellant's concerns, and we address them accordingly.

or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

Counsel has complied with the requirements of *Anders* as articulated in *Santiago*. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority.[8] Counsel has supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal.[9]

---

[8] Although we conclude that counsel has complied with the requirements of *Anders*, we note that counsel's brief **does not conform** to our Rules of Appellate Procedure. *See* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). Compliance with these Rules is mandatory, and where such defects are substantial we may dismiss an appeal. *See Commonwealth v. Snyder*, 870 A.2d 336, 340 (Pa. Super. 2005) (directing appellant's attention to Pa.R.A.P. 2101). We decline to do so here.

[9] Attached to counsel's Application was a letter addressed to Appellant, informing him that counsel sought leave to withdraw. Upon review of counsel's letter to Appellant, this Court issued an Order directing counsel to inform Appellant of his right to proceed immediately *pro se* or with privately retained counsel. Order, 11/7/18. Counsel complied and filed with this Court a copy of the clarifying letter sent to Appellant. *See* Response to Order, 11/15/18 (Letter, dated 11/9/18).

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issues raised by counsel, along with the supplemental analysis submitted by Appellant *pro se*. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In his first issue, Appellant purports to challenge discretionary aspects of his sentence. **See Anders** Br. at 3 (unpaginated) (suggesting the "propriety" of Appellant's sentence is at issue); Appellant's Response at 2 (asserting that the trial court failed to consider the facts of the crime and the character of Appellant such that the sentence imposed is "contrary to the fundamental norms of the sentencing process").

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. **Id.** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Appellant did not preserve a challenge at his sentencing hearing or thereafter in his Post-Sentence Motion. Accordingly, he has waived any

challenge to discretionary aspects of his sentence. ***See Dempster***, ***supra***; ***Leatherby***, ***supra***; ***Griffin***, ***supra***.[10]

Next, Appellant asserts the court erred when it did not afford him an opportunity to review personally the PSI report's contents. ***See Anders*** Br. at 4 (unpaginated); Appellant's Response at 3 (asserting that the court improperly denied Appellant an "opportunity to audit content of the PSI report").

Pennsylvania Rule of Criminal Procedure 703 provides that "[a]ll pre-sentence reports and related psychiatric and psychological reports shall be confidential . . . and not of public record." Pa.R.Crim.P. 703(A). They shall be available to the sentencing judge, as well as "an examining professional or facility appointed to assist the court in sentencing," the attorney for the Commonwealth, and counsel for the defendant. ***Id.*** There is no requirement "that a defendant be permitted to examine personally the [PSI] report for inaccuracies." ***Commonwealth v. Smillie***, 462 A.2d 804, 808 (Pa. Super.

---

[10] Absent waiver, we note that the trial court had the benefit of a PSI report; thus, we assume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010) (quotation marks and citations omitted). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Id.*** Here, the court imposed a standard range sentence. Thus, there is no merit to Appellant's challenge.

1983); Pa.R.Crim.P. 703(A). Accordingly, there is no merit to Appellant's assertion.[11]

Third, Appellant also asserts that the prosecuting attorney should have been barred from Appellant's sentencing hearing because of a conflict of interest. **See Anders** Br. at 4 (unpaginated). It is not clear to what alleged conflict of interest Appellant refers. **Id.**; **see also generally** Appellant's Response. Nevertheless, our review of the record reveals that Appellant did not seek the prosecuting attorney's recusal prior to sentencing. Accordingly, this claim is waived. Pa.R.A.P. 302(a).

Fourth, Appellant asserts a **Brady** violation. **See Anders** Br. at 4-5 (unpaginated); Appellant's Response at 1-2. According to Appellant, the Commonwealth concealed the existence of "willing [and] available eye

---

[11] Appellant also suggests the court erred in directing the Department of Corrections (DOC) to provide it with Appellant's institutional file. **See Anders** Br. at 4 (unpaginated) (citing Trial Ct. Order, 7/24/17). The premise of Appellant's claim is not clear. **Id.**; **but see** Appellant's Response at 3 (suggesting the court failed to consider the file's "contents when determining sentence"). Appellant's DOC file does not appear in the certified record. Thus, it is unclear whether the court ever received it. Nevertheless, to the extent the Huntingdon County Probation Department relied on information from DOC in preparing Appellant's PSI report, we reiterate that Appellant is not entitled to review the report personally for inaccuracies. **Smillie**, **supra** at 808.

In addition, Appellant asserts that the court should have ordered a psychiatric evaluation of Appellant, suggesting that an evaluation was necessary to aid the court in crafting a sentence. Appellant's Response at 2. We conclude this issue is waived, as there is no evidence of record that Appellant requested a psychiatric evaluation prior to sentencing. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

witnesses" to his Aggravated Harassment of a correctional officer. Appellant's Response at 1. In addition, according to Appellant, the Commonwealth concealed video evidence from the crime scene. *Id.* at 1-2.

In his initial appeal, Appellant raised two issues, challenging (1) the court's decision to proceed with a retrial via videoconference and (2) discretionary aspects of his sentence related to the absence of a PSI report. *Tejada*, *supra* at 316. Following our review, this Court affirmed Appellant's conviction but vacated his Judgment of Sentence. *Tejada*, *supra* at 315. We remanded this matter for a singular purpose, directing the trial court to re-sentence Appellant with the benefit of a PSI report. *Id.* at 320-21. Accordingly, Appellant's *Brady* claims are not properly before this Court. *See Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002) ("having been re-sentenced following remand, [an] appellant [can] not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand").

Fifth, Appellant challenges the stewardship of counsel, asserting ineffective assistance at both his trial and on appeal. Appellant's *Anders* Br. at 5; Appellant's Response at 1-3. These claims merit no relief at this time. "[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until **collateral review**." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (emphasis added). Our Supreme Court has recognized two limited exceptions. In the context of a direct appeal,

courts may entertain ineffectiveness claims where: (1) the claim is apparent from the record and meritorious, to the extent immediate consideration best serves the interests of justice; or (2) where good cause is shown and the defendant knowingly and expressly waives entitlement to seek subsequent PCRA review. **Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013). However, neither **Holmes** exception applies to Appellant's claims, as their merit is not readily apparent from the record, nor has Appellant demonstrated good cause and expressly waived subsequent collateral review. **Id.** Thus, pursuant to **Grant**, we dismiss Appellant's ineffectiveness claims without prejudice to his right to pursue them in a timely petition for collateral relief. **Grant**, **supra** at 738.[12]

Following our review of the issues raised by Appellant in counsel's **Anders** Brief and *pro se* in his Response, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. **See Dempster**, **supra** at 272. Accordingly, we grant counsel's Application to Withdraw and affirm Appellant's Judgment of Sentence.

Application for Relief denied; Application to Withdraw granted; Judgment of Sentence affirmed.

---

[12] Appellant *pro se* filed an Application for Relief, in which Appellant asserts an additional claim of ineffective assistance of counsel. Application for Relief, 2/19/19. For the reasons set forth *supra*, we deny Appellant's Application.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/29/2019</u>