J-S46015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM EARL SMITH | : | |
| | : | |
| Appellant | : | No. 255 WDA 2023 |

Appeal from the PCRA Order Entered December 16, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000378-2012

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: MARCH 28, 2024**

Appellant, William Earl Smith, appeals *pro se* from the December 16, 2022 order that dismissed as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because this appeal is untimely, we are constrained to quash it.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, on January 10, 2013, the trial court sentenced Appellant to an aggregate term of 18 to 40 years' incarceration for Attempted Criminal Homicide and related charges.  On April 18, 2022, Appellant filed his fourth PCRA petition, which the PCRA court dismissed as untimely on December 16, 2022.

On March 2, 2023, Appellant filed an untimely *pro se* notice of appeal. On May 23, 2023, this Court issued an order directing Appellant to show cause why the appeal should not be quashed as untimely.  On June 1, 2023,

Appellant filed a response averring that on January 6, 2023, he filed an "Application and Verified Statement in Support of Request for Leave to Continue on Appeal In Forma Pauperis Status" and, as evidenced by his attached proof of service referencing a notice of appeal, he believed that he filed a notice of appeal simultaneously. Appellant contends that "if there was a retative [sic] nullity, or a breakdown in the system and/or a mistake made on Appellant's behalf, he was never given fair notice by the [c]ourts that it was a defect in the filings[.]" Motion to Show Cause, 6/1/23. Finally, Appellant asks this Court to "excuse this clerical error[.]" ***Id.***

As an initial matter, we must address whether this appeal is timely because an untimely appeal divests this Court of jurisdiction. ***See Commonwealth v. Edington***, 780 A.2d 721, 725 (Pa. Super. 2001) (explaining that the failure to file a timely notice of appeal divests this Court of jurisdiction); ***Commonwealth v. Yarris***, 731 A.2d 581, 587 (Pa. 1999) (stating that appellate courts may raise the issue of jurisdiction *sua sponte*).

An order dismissing a PCRA petition constitutes a final order for purposes of appeal. Pa.R.Crim.P. 910. Moreover, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court "may not enlarge the time for filing a notice of appeal[.]" Pa.R.A.P. 105(b). Generally, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).

We acknowledge that this Court has consistently declined to quash an appeal when the defect in the notice of appeal resulted from fraud or a breakdown in court operations. *See Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa. Super. 2016); *Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007); *Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002). However, our Supreme Court has held that the negligence of an appellant is not considered a sufficient excuse for the failure to file a timely notice of appeal. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979).

Appellant's notice of appeal, filed 76 days after the trial court dismissed Appellant's PCRA petition, is facially untimely. Appellant's mistaken belief that he filed a notice of appeal simultaneously with his petition to proceed *in forma pauperis* does not constitute fraud or a breakdown in court operations. Rather, Appellant's negligence is an insufficient excuse for his failure to file a notice of appeal in a timely manner, *i.e.*, within 30 days.[1] Accordingly, we are without jurisdiction to entertain this appeal and we are constrained to quash it.

Appeal quashed.

---

[1] Moreover, Appellant's assertion that the trial court failed to notify him that he neglected to file a notice of appeal is belied by the record. Although under no obligation to do so, the clerk of courts **did** notify Appellant that he had not filed a notice of appeal simultaneously with his petition to proceed *in forma pauperis*. *See* Clerk of Courts Letter, 2/24/23.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>03/28/2024</u>