J. S53038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBERT SPIVEY, : No. 1330 EDA 2016
:
Appellant :


Appeal from the PCRA Order, April 8, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000470-2012


BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:

Robert Spivey appeals **pro se** from the April 8, 2016 order entered in

the Court of Common Pleas of Philadelphia County which dismissed, without

a hearing, his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously set forth the following:

> The PCRA court set forth the following procedural
> history:
>
>> On October 24, 2011, [appellant]
>> was arrested and charged with Murder
>> and related offenses. On March 4, 2013,
>> [appellant] elected to be tried by a jury.
>> On March 8, 2013, the jury returned
>> guilty verdicts to First-Degree Murder
>> and Carrying a Firearm in Public in
>> Philadelphia.[][Footnote 1] Sentencing
>> was deferred until April 1, 2013, at which
>> time this Court imposed a mandatory

sentence of life imprisonment without parole for First-Degree Murder, with a concurrent sentence of one to two years for Carrying a Firearm in Public in Philadelphia.

> [Footnote 1] All other charges were **nolle prossed**.

On May 1, 2013, [appellant] filed a timely Notice of Appeal. On May 29, 2013, [appellant] filed a timely [Pa.R.A.P.] 1925(b) statement. [. . .] On June 6, 2013, this Court filed its opinion finding [appellant's] claims meritless. On February 21, 2014, [the] Superior Court affirmed the judgment of sentence.

On September 9, 2014, [appellant] timely filed a [PCRA] petition and motion to proceed **pro se**. On October 23, 2015, this Court held a **Grazier** hearing in which [appellant] requested counsel to be appointed. On the same day, David Rudenstein, Esquire was appointed as PCRA counsel and entered his appearance.

On January 6, 2016, appointed PCRA counsel filed an amended petition. On January 22, 2016, private counsel, Mary Maran, Esquire entered her appearance. Maran did not file a supplemental petition. On March 4, 2016, the Commonwealth filed a response to appointed PCRA counsel's amended petition. On March 8, 2016, this Court found [appellant's] claims meritless and filed a Notice of Intent to Dismiss under Pa.R.Crim.P. 907. On March 28, 2016, in response to this Court's 907 Notice, Maran filed a "Motion to Reconsider Denial of PCRA" on [appellant's] behalf.

PCRA court opinion, 4/8/16 at 1-2 (footnote 2 omitted).

The record reflects that on April 8, 2016, the PCRA court denied appellant's motion to reconsider denial of PCRA and entered an order dismissing appellant's PCRA petition. On April 27, 2016, Attorney Maran filed a motion to withdraw representation and for appointment of counsel averring that she had been retained to represent appellant in connection with his PCRA petition only and that she had fulfilled that obligation. (Motion to withdraw representation and for appointment of counsel, 4/27/16; docket # 25.) In that motion, Attorney Maran also averred that "[p]ursuant to [appellant's] request to exercise his right of appeal, counsel has filed a Notice of Appeal to the Superior Court and served all parties." (*Id.*) Appellant's notice of appeal was docketed on April 27, 2016. (Notice of appeal, 4/27/16; docket # 24.)

The record further demonstrates that on April 29, 2016, the PCRA court granted Attorney Maran's motion to withdraw as counsel. The lower court docket reveals that on May 3, 2016, Attorney Todd Michael Mosser entered his appearance on behalf of appellant, and an "appointment notice" was filed. The record further reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court did not file a Rule 1925(a) opinion.

On August 24, 2016, appellant filed an application to proceed *pro se* on appeal with this court. On September 15, 2016, this court entered a *per curiam* order that directed the PCRA court "to conduct an on-the-record determination as to whether the [a]ppellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and to provide written notice of its determination to the Prothonotary of this Court

within sixty (60) days." (Order of court, 9/15/16 (emphasis added).) On September 30, 2016, the PCRA court entered the following order, which it filed in this court on March 3, 2017:

AND NOW, this 30th day of September, 2016, after consideration of the Motion Proceed [sic] Pro Se by [appellant,] it is ORDERED that the Motion Proceed [sic] **Pro Se** is GRANTED.

PCRA Hearing. Defense Motion to Proceed Pro Se is GRANTED. Previous Defense Counsel Todd Mosser is Ordered to Send [appellant] Any Documents in Relation to this Case. [. . .] Atty: Todd Mosser is Removed, [appellant] **Pro Se**[.]

Order of court, 9/30/16.

***Commonwealth v. Spivey***, No. 1330 EDA 2016, unpublished memorandum at 1-4 (Pa.Super. filed November 13, 2017).

At that point, because the certified record before us did not contain the September 30, 2016 ***Grazier*** hearing transcript, we remanded again with instructions. (Order of court, 11/17/17.) On November 21, 2017, the trial court filed a response order and attached a copy of the September 30, 2016 ***Grazier*** hearing transcript.

With respect to waiver of counsel, we note that an appellant validly waives his rule-based right to counsel for PCRA purposes when the waiver of counsel colloquy demonstrates that the defendant understood "(1) his right to be represented by counsel; (2) that if he waived this right, he will still be

bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." ***Commonwealth v. Robinson***, 970 A.2d 455, 459 (Pa.Super. 2009) (citations omitted).

Here, the September 30, 2016 colloquy demonstrates that appellant acknowledged that he understood his right to be represented by counsel. (Notes of testimony, 9/30/16 at 8-9.) The colloquy also reveals that appellant acknowledged that he understood that he would be bound by the applicable procedural rules of court and that if he failed to timely assert his rights, those rights may be permanently lost. (***Id.*** at 9-10.) Therefore, the colloquy demonstrates that appellant's decision to proceed ***pro se*** on direct appeal was a knowing, intelligent, and voluntary one. We will now review appellant's issues on the merits.

Appellant raises the following issues for our review:

> [1.] Did the PCRA court error [sic] by not allowing newly retained counsel to amend appellant's [PCRA] petition where the petition was defective as filed whereas the relief sought could not have been obtained due to defect [sic]?

> [2.] Was appellant denied his rule based right to counsel on his first PCRA petition where counsel's amended petition did not comport with the contents of Pa.R.Crim.P. 902?

> [3.] Trial counsel was ineffective for failing to attack affidavit [sic] of probable cause which omitted reference to victim and cousin having weapon prejudicing appellant to the extent that he would not have been charged with first-degree murder.

[4.]  Trial counsel was ineffective for failing to call Tauheed Hood as a defense witness.

[5.]  Trial counsel was ineffective for failing to call appellant to testify on his own behalf.

[6.]  Trial counsel was ineffective for failing to call Sharona Council as a defense witness.

Appellant's brief at 4 (capitalization omitted).

We limit our review of a PCRA court's decision to examining whether the record supports the PCRA court's findings of fact and whether its conclusions of law are free from legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted). We view the PCRA court's findings and the evidence of record in a light most favorable to the prevailing party. *Id.* To be entitled to PCRA relief, the petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2).

Appellant first complains that the PCRA court erred when it denied Attorney Mary Maran, who appellant's family privately retained to represent appellant as PCRA counsel, permission to amend the amended PCRA petition that court-appointed PCRA counsel had filed on appellant's behalf. This claim is not cognizable under the PCRA. In this issue, appellant neither attacks his sentence nor alleges his innocence with respect to his convictions. Appellant advances no assertion that his conviction or sentence

resulted from a constitutional violation, ineffective assistance of counsel, an unlawfully-induced plea, obstruction by government officials of his right to appeal, an illegal sentence, or a lack of jurisdiction; and he makes no claim that he has obtained newly discovered evidence. 42 Pa.C.S.A. § 9543(a)(2) (setting forth requirements for PCRA relief eligibility). Therefore, because appellant's first claim does not fall within the scope of the PCRA, it cannot be reviewed under the PCRA.[1]

---

[1] We note that the Pennsylvania Rules of Criminal Procedure provide that the PCRA court "may grant leave to amend . . . a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); **see also Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014). "[I]t is clear from the rule's text that leave to amend must be sought and obtained." **Baumhammers**, 92 A.3d at 730.

Here, nothing in the certified record before us demonstrates that Attorney Maran sought leave of court to amend the amended PCRA petition. Although appellant attaches to his brief a copy of correspondence dated April 25, 2016, that he received from Attorney Maran wherein she states that the trial court "refused to allow me to amend [appointed PCRA counsel's amended] petition," that correspondence is not part of the certified record and could not be considered. "Any document which is not part of the official certified record is considered to be non-existent, which deficiency may not be remedied by inclusion in the reproduced record[,]" and "where a review of an appellant's claim may not be made because of such a defect in the record, we may find the issue waived." **Eichman v. McKeon**, 824 A.2d 305, 316 (Pa.Super. 2003), citing Pa.R.A.P. 1921. We further note that the record reflects that in response to the PCRA court's Rule 907 Notice, Attorney Maran filed a "motion to reconsider denial of PCRA," but failed to raise appellant's current claim that the PCRA court erred in prohibiting her from filing an amended petition in that motion. Therefore, notwithstanding the fact that appellant's first claim is not cognizable under the PCRA, as well as the fact that the record fails to demonstrate that Attorney Maran sought leave to amend the amended PCRA petition, appellant's failure to raise this issue in the PCRA court would have resulted in waiver of the issue on appeal. **See Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa.Super. 2012)

The remainder of appellant's complaints allege ineffective assistance of court-appointed PCRA counsel or trial counsel.

> Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of the [] test will defeat an ineffectiveness claim.

*Mason*, 130 A.3d at 618 (internal quotation marks and citations omitted).

With respect to ineffective assistance of PCRA counsel, appellant first alleges that he was denied his rule-based right to counsel on his first PCRA petition because appointed counsel's amended PCRA petition requested an

---

(finding that a petitioner's failure to raise a claim of ineffectiveness in response to a Rule 907 Notice results in waiver of the claim on appeal); *see* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

evidentiary hearing, but appointed PCRA counsel failed to include a witness certification pursuant to Pa.R.Crim.P. 902(a)(15).

Our review of the record reveals that on March 8, 2016, the PCRA court filed its notice of intent to dismiss appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice). Appellant then filed a timely response to the PCRA court's Rule 907 Notice. In that response, however, appellant did not allege court-appointed PCRA counsel's ineffectiveness for failure to include a witness certification in the amended PCRA petition. Consequently, appellant's failure to raise this claim of ineffectiveness in his response to the Rule 907 Notice results in waiver of this claim on appeal. *See Commonwealth v. Ford*, 44 A.3d 1190, 1198 (Pa.Super. 2012) (finding that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court"); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant next claims that court-appointed PCRA counsel was ineffective for failing to attack the affidavit of probable cause. The record reflects that appellant failed to raise this claim of ineffectiveness in his response to the Rule 907 Notice and, therefore, waives this claim on appeal. *See Ford*, 44 A.3d at 1198; Pa.R.A.P. 302(a).

In his final three claims, appellant alleges that trial counsel was ineffective for failing to call Tauheed Hood, appellant, and Sharona Council

as defense witnesses.   The learned PCRA court resolved these issues as follows:

> [Appellant first] claims that trial counsel was ineffective when he failed present [sic] testimony from a known witnesses [sic], Tauheed Hood. [Appellant] alleges that Hood would have offered testimony supporting a justification claim in that he saw [Jermaine] Harvin with a gun before the shooting. [Appellant] argues that this testimony may have shown that [appellant] did not act with malice or specific intent to kill when he shot [the victim].
>
> This claim lacks arguable merit as [appellant] overlooks the fact that he agreed with trial counsel not to call Hood to testify. It is well-settled that an ineffectiveness claim will fail for the fundamental reason that [appellant] agreed with trial counsel's decision not to call the witnesses in question. *Commonwealth v. Paddy*, 800 A.2d 294 (Pa. 2002); *see also Commonwealth v. Rios*, 920 A.2d 790, 803 (Pa. 2007)[,] *abrogated on other grounds by Commonwealth v. Tharp*, 101 A.3d 736 (Pa. 2014) (finding that an ineffectiveness claim for failure to call a witness will lack arguable merit where a petitioner made a knowing, intelligent, and voluntary decision at trial not to call the witness.).
>
> Before *voir dire*, [appellant] was well aware that the Commonwealth would not call Hood as a witness and that it was his decision whether to call him.
>
>> TRIAL COUNSEL:  We have not added any names to the witness list.  I've seen [appellant]. Mr. Trimble from my office has seen [appellant].  There are no witnesses from my understanding that need to be seen[,] interviewed[,] or called.  So I just want to make sure that's accurate because I didn't add that to the list.  Is that correct, [appellant]?

[APPELLANT]: Yes.

THE COURT: So you know, [appellant], we did have a conversation before you were brought out that one of the names on the witness list, is it pronounced Tauheed Hood?

[THE COMMONWEALTH]: Yes.

THE COURT: The Commonwealth doesn't intend to call and the Commonwealth doesn't have to call all the witnesses, but there may be, your counsel suggested that you might want to call him. If that is true, you don't have to make that decision today. You'll have to make that decision tomorrow so we can make sure he's here Thursday.

[APPELLANT]: Yes.

THE COURT: All right.

[TRIAL COUNSEL]: Do you understand that?

[APPELLANT]: Yes.

THE COURT: So up until this point you're satisfied with the representation of [trial counsel]?

[APPELLANT]: Yes.

THE COURT: [] You're prepared for trial and you want to take your chances with the jury trial; is that correct?

[APPELLANT]: Yes, Your Honor.

N.T. 3/04/13 at [10]-12. At the close of the Commonwealth's case, this Court colloquied

- 11 -

[appellant] again during which he made a knowing and voluntary decision not to call Hood as a witness.

> [TRIAL COUNSEL]: Judge, prior to doing that, if I may, there was also a witness by the name of Tauheed Hood you've heard reference to. I think the Court has even heard reference to the statement. Some of what Mr. Hood says is beneficial to my client. Some of what Mr. Hood says is detrimental to my client. In addition to that, Mr. Hood is going to be ornery, defensive[,] and non-cooperative both to the Commonwealth and myself.
>
> It is my opinion and I've given it to my client that this witness will not help our case[;] but I told him ultimately the decision whether to call Mr. Hood or not is his decision, ultimately. My client has agreed that for strategic reasons we're not going to call Mr. Hood this morning. The defender who represented Mr. Hood was kind enough to meet with me. I met with Mr. Hood personally at the lunch break for about forty-five minutes, myself, the defender[,] and Mr. Trimble, and discussed what he may or may not say. He appeared to be very uncooperative and apprehensive. For those reasons, is it correct, [appellant], that you agree with my decision not to call Mr. Hood?
>
> [APPELLANT]: Yes.
>
> THE COURT: And [appellant], just so we're clear, you know what your attorney may or may not argue. I'm sure he's discussed that with you. But one of the issues that we were having is[,] and you know that I let your attorney explore certain issues because there was a suggestion, a suggestion in the

statement from Mr. Hood -- I'm not saying it was positive or automatic -- but a suggestion possibly upon which your attorney could have specifically asked for a justification or a self-defense instruction, and I just want to make sure that [trial counsel] discussed that with you.

[APPELLANT]: Yes.

N.T. 3/07/13 at 179-81. Shortly thereafter, this Court made sure that [appellant] agreed with trial counsel's decision not to call Hood to testify. *Id.* at 183. This Court also confirmed with [appellant] that he had had sufficient information and consultation with his attorney to make that decision. *Id.*

In his response to this Court's [907 Notice], [appellant] argues that because trial counsel indicated in his opening argument that this was a case of self-defense, counsel had no choice but to call Hood as a witness to comport with that theory.[Footnote 4] This argument is not persuasive. First, [appellant] failed to provide any affidavits from Hood regarding his availability, willingness to testify, or the substance of his testimony. *See Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa.Super. 2002) (holding that "ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.").

[Footnote 4] A month after the murder, Hood gave a statement to police in which he stated that right before the murder, he saw [Jermaine] Harvin with a gun in his hand, peeking around an alleyway. He then saw [appellant] get out of a car and point a gun at Harvin and [the victim]. He claimed that Harvin began to run and then [appellant] fired his gun in the direction of Harvin and [the victim].

*See* August 15, 2011 Investigation Interview Record of Tauheed Hood.

The record also reflects that trial counsel had a reasonable basis for not calling Hood to testify. After counsel had interviewed Hood, trial counsel stated—on the record—that he believed some of Hood's testimony would be detrimental to his client. Further, that Hood would be ornery, defensive, and non-cooperative. N.T. 3/07/13 at 179-81. As noted above, after a discussion with counsel, [appellant] agreed with this assessment. *Id.* Because the record is clear on the reasons why trial counsel did not present Hood as a witness, no evidentiary hearing is required. *See Commonwealth v. Eichinger*, 108 A.3d 821 (Pa. Super. 2014) (stating that a PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact.). Thus, no relief is warranted.

[Appellant] also alleges that trial counsel was ineffective for failing to call [appellant's] mother (Sharona Council) as a witness.[Footnote 5] In his response to this Court's 907 Notice of Intent to Dismiss, [appellant] claims that trial counsel should have called his mother to the stand to comport with his theory of self-defense. This claim also lacks arguable merit. First, [appellant], again, failed to provide any affidavits from the witness regarding her availability, willingness to testify, or the substance of their testimony. *See Khalil*, *supra.* Second, [appellant] agreed with trial counsel on the record that no more witnesses needed to be seen, interviewed, or called. N.T. 3/04/13 at 1-12; *see also Commonwealth v. Paddy*, *supra*. Third, [appellant's] mother did not actually witness the shooting. She told police that she heard what she thought were firecrackers and then went to a window to look outside. There, she saw "Tweetie," whom she identified as [Jermaine] Harvin, pointing a gun at [appellant], but the shooting by then had ended.[Footnote 6]

[Footnote 5] In his amended petition, PCRA counsel (Rudenstein) reserved this issue, but did not brief it, claiming that he did not have the necessary information.

[Footnote 6] This information is from Ms. Counsel's [sic] statement to police, given on July 20, 2011. *See* July 20, 2011 Investigation Interview Record of Sharona Council.

Finally, her testimony would have been largely inculpatory, as it would have corroborated the bulk of Harvin's testimony. For instance, Council told police that something must have been wrong with Harvin's gun because when he pointed it at [appellant] he had "a really good aim at [him]" but did not fire. Harvin testified that *after* [appellant] shot [the victim], he (Harvin) pulled his gun and tried to shoot [appellant], but that the gun did not fire. N.T. 3/05/13 at 57-62. Council's statement also corroborated Harvin's testimony regarding the motive for the shooting. When asked by detectives why [appellant] and Harvin would be shooting at each other, Council answered "drugs." N.T. 3/05/13 at 3-86. For these reasons, [appellant] is not entitled to relief.

In his response to this Court's 907 Notice, [appellant] asserts that the argument that he was colloquied and agreed with trial counsel not to call his mother and Hood as witnesses is meritless. [Appellant] claims that his colloquy was not knowing, intelligent, and voluntary because it was "limited to the legal advice behind it." This Court is baffled by this argument, as [appellant] cited no case law to support it. In any event, as noted above, the record clearly reflects that [appellant] made a knowing, intelligent, and voluntary decision not to present Hood as a witness. N.T. 3/07/13 at 1-12, 179-81, 183. Trial counsel also had a reasonable basis for not presenting Hood, and [appellant]—well aware of Hood's potential detrimental testimony—agreed with

trial counsel's assessment. ***Id.*** at 1-12, 179-81, 183. This Court also confirmed with [appellant] that he had had sufficient information and consultation with his attorney to make that decision. ***Id.*** Further, as previously noted, [appellant] agreed with trial counsel on the record that no more witnesses needed to be seen, interviewed, or called, which would have included his mother and Hood. N.T. 3/04/13 at 1-12. [Appellant] is therefore not entitled to relief.

Lastly, [appellant] claims that trial counsel was ineffective for failing to present him as a witness. [Appellant] argues that his testimony may have generated a justification jury instruction and/or an imperfect self-defense instruction, potentially leading to a verdict of involuntary manslaughter.

This claim not only lacks arguable merit[,] it is baseless. The decision to testify in one's own behalf is ultimately to be made by the accused after full consultation with counsel. ***Commonwealth v. Thomas***, 783 A.2d 328, 334 (Pa. Super. 2001). To support an ineffectiveness claim for failing to call [appellant] to the stand, [appellant] "must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." ***Id.*** [Appellant] fails to argue either prong of this ineffectiveness test. In any case, the record reflects that [appellant] was well informed that he had an absolute right to testify, and that the decision to testify was his, and his alone. The record also reflects that he knowingly and voluntarily waived this right.

> THE COURT: So you and your attorney have discussed the fact that you have the right to testify in this matter. Would I be correct?
>
> [APPELLANT]: Yes.

THE COURT: I want you to be clear that[,] as your attorney has told you, that you have an absolute right to testify in the case and the decision is yours and yours alone. Did he tell you that?

[APPELLANT]: Yes.

THE COURT: So he just put on the record his decision or actually your decision not to call the witness Mr. Hood. He also discussed with you your right to testify; is that correct?

[APPELLANT]: Yes, Your Honor.

. . .

THE COURT: Now, you've discussed with your attorney the fact that you have an absolute right to testify. In other words, [trial counsel] can only advise you. Ultimately, you make that decision. Do you understand that?

APPELLANT: Yes, Your Honor.

. . .

THE COURT: [] You have the ultimate decision-making authority in that regard.

[APPELLANT]: Yes.

THE COURT: You've heard me advise the jury during my prior instructions that the [d]efendant has no obligation to testify and that the jury is not to make a negative or adverse inference against you if you do not testify. Do you remember that?

[APPELLANT]: Yes.

> THE COURT: [] Do you want me to re-instruct the jury on that?
>
> [APPELLANT]: Yes, Your Honor.
>
> . . .
>
> THE COURT: [] Has anyone forced you to give up your right to testify?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: Has anyone threatened you?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: Has anyone promised you something like you'll get a not guilty if you don't testify?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: So basically by your answer, what I'm concluding is that you're making this decision of your own free will. Is that accurate?
>
> [APPELLANT]: Yes, Your Honor.
>
> THE COURT: Are you satisfied with the representation of your attorney?
>
> [APPELLANT]: Yes.

N.T. 3/07/13 at 182-86. [Appellant] cannot be deprived of his right to testify when he knowingly and voluntarily waived that right. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, n.2 (Pa.Super. 2004) ("appellant was not deprived of his fundamental right [to testify] because he knowingly and voluntarily waived his right to testify."). Because this claim is devoid of merit, [appellant] is not entitled to relief.

Trial court opinion, 4/8/16 at 6-18 (some brackets in original; ellipses and emphasis in original). In viewing the PCRA court's findings and the evidence of record in the light most favorable to the Commonwealth as the prevailing party, the record supports the PCRA court's findings of fact and its conclusions of law are free from legal error. Therefore, appellant's remaining claims lack arguable merit and necessarily fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/1/18