J-S47037-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL LAMONT DOSS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 194 MDA 2019 |

Appeal from the PCRA Order January 8, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005032-2009

BEFORE:  STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 19, 2021**

Darnell Lamont Doss (Appellant) appeals from the January 8, 2019 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In light of our disposition of the issues raised in Appellant's appeal, we summarize only the pertinent procedural history and not the underlying facts. Following a jury trial where Appellant proceeded *pro se* supported by stand-by counsel, the jury found Appellant guilty of possession with intent to deliver a controlled substance (PWID), unlawful possession of drug paraphernalia, and possession of marijuana. On October 28, 2010, the trial court sentenced Appellant to one-and-a-half to three years of imprisonment for the PWID count; one year of intermediate punishment for the paraphernalia count consecutive to his incarceration on the PWID count; and

---

* Retired Senior Judge assigned to the Superior Court.

no further penalty on the marijuana count. Appellant's stand-by counsel was appointed to represent him post-trial and on appeal. Appellant did not file a post-sentence motion. Appellant filed an appeal presenting a challenge to the weight of the evidence. On September 19, 2011, this Court dismissed his appeal based upon Appellant's failure to ensure that a necessary video was part of the certified record.

Appellant filed *pro se* a PCRA petition on October 9, 2012. New counsel, Jennifer Tobias, Esquire, was appointed. The PCRA court ultimately reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*. Following the denial of a post-sentence motion, Appellant filed an appeal *nunc pro tunc* on April 17, 2013. This Court affirmed his judgment of sentence on March 27, 2014. **Commonwealth v. Doss**, 100 A.3d 320 (Pa. Super. 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed *pro se* the instant PCRA petition on April 3, 2017. Damian DeStefano, Esquire, was appointed to represent Appellant. Attorney DeStefano filed a motion to withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**.[1] In the "no-merit" letter, counsel explained, *inter alia*, why he believed the current PCRA petition was time-barred. On February 16, 2018, the PCRA court issued notice of its intent to dismiss the petition as

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

untimely-filed without a hearing per Pa.R.Crim.P. 907, and granted counsel's request to withdraw. Despite Attorney DeStefano's withdrawal, after receiving an email from Appellant with Appellant's objections to the proposed dismissal, Attorney DeStefano filed the objections on Appellant's behalf. Appellant also *pro se* filed a response on May 8, 2018. Following review of the responses, the court entered an order on May 24, 2018 denying PCRA relief.

For reasons explained *infra*, Appellant did not receive this dismissal order. Thus, approximately six months later on December 24, 2018, Appellant filed *pro se* a petition to compel a ruling on his PCRA petition. The PCRA court denied the petition as moot on January 8, 2019, and re-sent the May 24, 2018 order to Appellant. Appellant filed a notice of appeal *pro se* on January 30, 2019.[2]

Before we address the substantive issues raised by Appellant, we must determine the timeliness of the filing of Appellant's notice of appeal. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction). Rule 902 requires a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a). Appellant's notice of appeal is untimely-filed on its face, having been filed well past this timeframe. In the notice, however, Appellant explained that he initially did

---

[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

not receive the PCRA court's May 24, 2018 order dismissing his petition. He asserts that he was unaware the PCRA court had issued a final order dismissing his petition until receiving the court's response to his petition to compel a ruling.

Upon review of the record, we determine that Appellant's untimely-filed notice of appeal does not impact our ability to review his case. Although Rule 105(b) prohibits this Court from enlarging the time for filing a notice of appeal, the comment to that rule clarifies that subsection (b) "is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b); Note to Pa.R.A.P. 105. The record makes clear there was a breakdown in the process of the PCRA court in this case.

Our Rules of Criminal Procedure require specific notice of a dismissal of a PCRA petition without a hearing. Pa.R.Crim.P. 907(4) provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by **certified mail, return receipt requested**, of the right of appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4) (emphasis added). Pursuant to Rule 114, service shall be prompt and in writing by "sending a copy to an unrepresented party by

certified, registered, or first class mail addressed to the party's place of ... confinement." Pa.R.Crim.P. 114(B)(3)(a)(v).[3]

In this case, although the docket indicates that the clerk of courts attempted to serve Appellant, a series of errors and failure to comply with Rule 907(4) prevented Appellant from receiving notice of the dismissal. A handwritten notation indicates that on May 25, 2018, the clerk of courts sent the May 24, 2018 dismissal order to Appellant by "mail" without further indication of the method. Order of Court, 5/24/2018, at 1. However, the next docket entry indicates the order had been returned to the clerk on May 31, 2018. An envelope that was returned bears a notation by the United States Postal Service that the mail was "attempted – not known - unable to forward." The PCRA court had expressly directed in the order that the clerk of courts serve Appellant a copy of the May 24, 2018 order by certified mail, return receipt requested as Pa.R.Crim.P. 907(4) requires, but the cancelled postage on the envelope reveals that the clerk sent the order via first-class mail instead.

Furthermore, the clerk failed to include Appellant's inmate number in the address and listed Appellant's address as the address for Federal Correctional Institute (FCI) Allenwood in White Deer, PA. However, Appellant

---

[3] Combined, Rules 907 and 114 permit the dismissal order to be mailed via first-class mail, but only if a notice of appellate rights and timeframes is sent separately via certified mail, return receipt requested. PCRA courts frequently include the notice within the order, which then triggers the requirement that the combined order and notice be sent via certified mail.

had informed the court on February 23, 2018, that he had been transferred from FCI Allenwood to FCI McKean.[4] The record does not indicate that the court made any further attempts to provide Appellant with a copy of the May 24, 2018 order until Appellant inquired about the status in December 2018 via his petition to compel a ruling. At that point, the clerk mailed the order to SCI McKean using both the physical address of the prison and the inmate mailing address.

The failure to comply with Rule 907(4) by sending notice of the dismissal and Appellant's appeal rights via certified mail, return receipt requested, the failure to use Appellant's inmate number in the address, and the clerk's sending of the notice to a correctional institute the court knew or should have known no longer housed Appellant all cause us to conclude there was a breakdown in the processes of the court. Accordingly, we do not quash Appellant's appeal based upon his untimely-filed notice of appeal. *See Commonwealth v. Khalil*, 806 A.2d 415, 421 (Pa. Super. 2002) (providing that failure of trial court to inform appellant of appeal rights was a breakdown of court's processes that caused appellant to file an untimely appeal, and this Court had jurisdiction to proceed in untimely-filed appeal).

---

[4] Appellant conveyed the change of address in his request for an extension of time to file a response to the Rule 907 notice. The March 5, 2018 order granting his request instructed the clerk to send the order to FCI McKean. The docket indicates that the March 5, 2018 order was returned to the clerk with a checkmark next to a line stating "CANNOT IDENTIFY (NAME AND NUMBER)." The returned envelope does not show which address was used.

However, before we may proceed to address the merits of Appellant's appeal, he must overcome another obstacle: the untimely filing of his PCRA petition. The timeliness of the filing of a post-conviction petition is jurisdictional. **Commonwealth v. Robinson**, 12 A.3d 477, 479 (Pa. Super. 2011). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). At the time Appellant filed his PCRA petition, the PCRA also required a petitioner invoking a time-bar exception to plead and prove that he filed his petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (effective from 1995 to 2018).[5] "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

---

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Appellant's judgment of sentence became final in April 2014. Because the instant petition was filed approximately three years after his sentence became final, the petition is untimely on its face. In his petition, Appellant neither pleaded nor proved an exception to the PCRA time bar. This is fatal to his claim. **Commonwealth v. Brown**, 111 A.3d 171, 179 (Pa. Super. 2015) (holding petitioner must plead and prove a time-bar exception in the petition to establish jurisdiction). Appellant later attempted to invoke the newly-discovered fact exception to the PCRA's time bar in his responses to counsel's **Turner**/**Finley** letter and the PCRA court's Rule 907 notice, and in his brief on appeal, arguing that he did not learn until early 2017 that his Superior Court appeal had been dismissed in 2014. However, to receive the benefit of this exception, Appellant must plead and prove that a fact that he had newly discovered could not have been ascertained by the exercise of due diligence. The PCRA court concluded that there was no dispute of material fact over whether Appellant exercised due diligence because Appellant offered no reasonable explanation as to why he waited four years after his appeal had been filed to inquire about the status of his appeal.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Brown**, 111 A.3d at 176. Due diligence "does not require perfect vigilance nor punctilious care, but rather it requires reasonable

efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*) (citation and internal quotation marks omitted). "As such, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." ***Id.***

Appellant asserts that he did not receive a March 28, 2014 letter from Attorney Tobias informing him that his appeal had been decided because he transferred to federal prison around that time. He further asserts that because he had counsel, he was relying upon her to keep him informed and assumed the appeal was still pending. According to Appellant, he requested transcripts and documents from this Court in late January 2017 to assist him in defending against a sentence enhancement in his federal court case. It was around this time that he learned that his appeal had been decided in 2014. He then filed the PCRA petition asserting that Attorney Tobias rendered ineffective assistance of counsel by failing to consult with him regarding his appeal options once this Court had affirmed his judgment of sentence. Appellant argues he exercised due diligence because he relied upon Attorney Tobias to keep him informed and he assumed the appeal was pending, and Attorney Tobias failed to keep him informed by following up to her initial letter after she did not hear from him or having a direct conversation with him.

This argument does not establish due diligence. This Court has held long ago that an allegation regarding ineffectiveness of counsel does not save a petition from the PCRA time bar. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). Due diligence requires petitioners to take steps to protect their own interests such as by contacting their counsel or the clerk of courts within a reasonable time. ***Id.***; ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1274 (Pa. 2007) (remanding for factual determination of whether petitioner's written inquiries were sufficient to demonstrate his due diligence of learning that his counsel abandoned him and that his appeal had been dismissed for counsel's failure to file a brief). Waiting until 2017 to inquire about the status of an appeal filed in 2013 is not a reasonable effort to protect one's own interests. Therefore, Appellant has failed to establish that he exercised due diligence, and the PCRA court did not err in dismissing without a hearing his petition as untimely filed.

Based on the foregoing, we affirm the dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021

- 10 -