J-S25026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON LOWERY | : | |
| | : | |
| Appellant | : | No. 16 EDA 2021 |

Appeal from the PCRA Order Entered October 26, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015192-2008

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 10, 2021**

Jason Lowery appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Lowery claims that trial counsel and appellate counsel rendered ineffective assistance and the PCRA court erred in failing to conduct an evidentiary hearing. We affirm in part and vacate and remand in part.

In 2010, a jury convicted Lowery of aggravated indecent assault, corruption of a minor, and unlawful contact with a minor.[1] On direct appeal, this Court summarized the facts underlying his convictions as follows:

> At approximately 1:30 a.m. on June 16, 2008, [Lowery] arrived at Step-Grandmother's house to visit C.F., [his stepdaughter,] then fourteen years old.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3125(a)(8), 6301(a)(1), and 6318(a)(1), respectively.

As C.F. opened the door, [Lowery] told her "not to be loud" so her grandmother would not wake up. [Lowery] took C.F. into the basement where he told her that he heard she was having sex and that he was going to tell her mother. [Lowery] told C.F. that he could tell if she was engaging in sex so he asked C.F. to "show him the hole." C.F. removed her sweatpants and underwear and showed him her vagina. [Lowery] laid under C.F. while she stood over him with her legs spread and placed his finger insider her vagina and told her that "something was coming out." C.F. felt uncomfortable and when she heard her grandmother walking around upstairs she quickly pulled up her pants and ran to the basement bathroom.

[Lowery] and C.F. both left the house and drove to get something to eat. When they returned to the house, [Lowery] went with C.F. to her bedroom on the second floor. [Lowery] and C.F. engaged in a game called "secrets," where C.F. told [Lowery] a secret about her mother, and C.F. asked what [Lowery's] secret was and he pulled his penis out of his pants. C.F. looked away and [Lowery] took her hand and placed it on his penis, but she pulled it back. [Lowery] asked her to show her [sic] something secret. C.F. pulled her pants and underwear down to show him her "but[t]" because she felt uncomfortable exposing her vagina to him. [Lowery] asked C.F. which hol[e] his penis went into," to which she replied she did not know. As C.F. was lying on her back with her pants and underwear down, [Lowery] spread her legs and inserted his penis into her vagina. C.F. looked away as [Lowery] was on top of her and she told him she "felt weird."

Afterwards, C.F. got dressed and walked [Lowery] downstairs to the door because she didn't want to be with him anymore. As he was leaving, [Lowery] told C.F. to "keep the secret." C.F. went upstairs, took a shower, and went to sleep.

Later that day, C.F. called her mother, who was at work, and told her what [Lowery] did to her at her [step-]grandmother's house. The next day, C.F.'s mother took her to the hospital for a rape kit, and afterwards to the Special Victims Unit where C.F. provided a statement to police.

*Commonwealth v. Lowery*, No. 3291 EDA 2010, unpublished memorandum

at *2-3 (Pa.Super. filed December 14, 2012) (record citation omitted).

Detectives obtained a search warrant for Step Grandmother's house and confiscated a bed sheet from C.F.'s bed. A DNA analysis of the sheet revealed Lowery's semen. Prior to trial, Lowery filed a motion to suppress the sheet, which the trial court denied.

On June 28, 2010, after a four-day jury trial, the jury found Lowery guilty of aggravated indecent assault, corruption of a minor, and unlawful contact. The jury acquitted him of rape and sexual assault.[2] On November 1, 2010, the court sentenced him to three to six years' imprisonment followed by five years of probation.

Lowery filed a direct appeal with this Court challenging the sufficiency of the evidence for all of his convictions, arguing that the court erred in denying his motion to suppress evidence recovered from Step-Grandmother's house, challenging the admission of hearsay evidence from C.F.'s mother, and arguing that the court erred in giving the jury an uncorroborated testimony instruction. We found no merit to the issues raised and affirmed Lowery's judgment of sentence. *See id.* at 19. Our Supreme Court denied Lowery's petition for allowance of appeal on July 26, 2013.

On September 9, 2014, Lowery, *pro se*, filed the instant timely first PCRA petition. The PCRA court appointed counsel who filed an amended

---

[2] *See* 18 Pa.C.S.A. §§ 3121(a)(1) and 3124.1.

petition. On October 26, 2020, the PCRA court dismissed Lowery's petition.[3]

This timely appeal followed.[4]

Lowery raises two questions on appeal.

I.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

II.  Whether the court erred in denying [Lowery's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Lowery's Br. at 9 (questions reordered for ease of disposition).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019). "This Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citation omitted).

---

[3] In its order, the PCRA court indicated that it dismissed the petition after an evidentiary hearing, review of the pleadings and 907 notice being issued. However, the parties agree, and a review of the docket reveals that an evidentiary hearing was not conducted.

[4] The trial court initially dismissed the petition on November 15, 2018; however, the order was not properly entered on the docket. Therefore, this Court quashed Lowery's initial appeal because the PCRA petition remained pending. On September 14, 2020, the PCRA court gave notice of its intent to dismiss Lowery's petition because the claims within lacked merit. **See** Pa.R.Crim.P. 907. On October 26, 2020, the PCRA court issued a properly docketed order dismissing the petition, which Lowery timely appealed.

A petitioner who raises a claim of ineffective assistance of counsel must overcome the presumption that counsel is effective. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). To do so, the petitioner must plead and prove the following: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Id.* (citation omitted).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. [C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citations omitted). Failure to address any prong of the test will defeat a petitioner's ineffectiveness claim. *See Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

In his first question, Lowery raises seven claims of ineffective assistance of trial counsel as well as a layered ineffectiveness claim with respect to appellate counsel and argues cumulative ineffectiveness. *See* Lowery's Br. at 19-46. We consider each claim individually.

In his first claim, Lowery contends that trial counsel rendered ineffective assistance by failing to call his mother, "Step Grandmother," as a witness. Lowery claims that counsel knew that Step Grandmother was present and prepared to testify on Lowery's behalf during both the hearing on the motion

to suppress and trial. He argues that with respect to the motion to suppress, Step Grandmother would have testified that "she and [Lowery] had a very good mother-son relationship and her house was like his house" which would have established that he had a reasonable expectation of privacy and would have compelled suppression of the bedsheet taken from Step Grandmother's house. Lowery's Br. at 20.

Lowery further suggests that at trial, Step Grandmother would have testified that the bedsheets in her house were old and Lowery may have had sex on the bedsheets prior to the incident, thus raising a reasonable doubt that his semen had been deposited during the assault on C.F. *See id.* at 21. Finally, he suggests that Step Grandmother could have testified with respect to Lowery's real name,[5] which would have resolved the issue of his name without need for an explanation to the jury. *See id.* at 22-23.

The PCRA court rejected Lowery's first claim of ineffective assistance of counsel because Lowery "failed to provide an affidavit or signed certification demonstrating the availability of his mother to testify on his behalf." PCRA Ct. Op., 1/4/21, at 5.

When asserting a claim of ineffective assistance for failure to call a witness, a petitioner must "provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense."

---

[5] At trial, Lowery asserted that his name was Matthew Miller. The Commonwealth conceded that it did not know his real name, but that the criminal justice system in Philadelphia lists his name as Jason Lowery because he provided the name at the time of his first arrest.

*Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa.Super. 2002) (citation omitted). However, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." *Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa.Super. 2014) (*en banc*) (citation omitted).

Here, although Lowery failed to provide the PCRA court with a witness certification with his amended petition, he did attach an affidavit from Step Grandmother to his *pro se* PCRA. *See Pro Se* Petition, 9/9/14, at Exhibit A.

Furthermore, in its Rule 907 notice of intent to dismiss, the court did not specify why it was dismissing Lowery's petition other than to state that the "issues raised in [the] petition are without merit." Rule 907 Notice, 9/14/20. The PCRA court did not give Lowery notice that it intended to dismiss his claim based on the lack of certification. If it had done so, Lowery would have been able to supplement the amended petition with the affidavit that he had already attached to his *pro se* petition. Accordingly, we vacate the PCRA court's order with respect to Lowery's claim of ineffective assistance of counsel for failure to call Step Grandmother as a witness.

In his second claim of ineffectiveness, Lowery contends that trial counsel rendered ineffective assistance when he did not object during the Commonwealth's counter argument to Lowery's motion for judgment of acquittal. Lowery claims that the Commonwealth recited several facts not in evidence when it argued that Lowery's actions constituted the forcible compulsion element of rape. *See* Lowery's Br. at 25-26. Lowery asserts that

counsel should have objected to the Commonwealth's argument and, if counsel had done so, the court would likely have granted his motion for acquittal. He claims that because counsel did not object, the motion was denied, and the rape charge was presented to the jury. This, he argues, prejudiced him because it tainted the jury's deliberations and made it more likely that he would be found guilty of the other lesser offenses.

The PCRA court found that trial counsel did not render ineffective assistance. It reasoned that counsel twice raised the issue of a lack of evidence to support the rape charge by making two separate motions for acquittal. Further, the court noted that Lowery was found not guilty of rape. Therefore, the PCRA court did not find any cognizable prejudice as a result of counsel's handling of the issue. *See* PCRA Ct. Op., at 6.

> To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014) (citations, quotation marks, and quotations omitted) (alteration in original).

Here, the parties' argument concerning Lowery's renewed motion for acquittal took place outside the presence of the jury. *See* N.T. Trial, 6/24/20, at 14. Therefore, the jury did not hear and could not have been tainted by any specific facts not supported by the record. Hence, Lowery's claimed prejudice relates solely to the denial of the motion of acquittal for the rape charge and

the alleged prejudice from the stigma of the charge. We agree with the PCRA court that Lowery cannot show that he was prejudiced where the jury found him not guilty of the rape charge. Furthermore, we conclude that Lowery has not established that the stigma of a charge for which he was found not guilty, is enough to establish actual prejudice and a reasonable probability that the results of the proceeding would have been different without such charge. **See Spotz**, 84 A.3d at 311-12. Accordingly, Lowery has not established ineffective assistance of counsel on this ground.

In his third ground of ineffective assistance of counsel, Lowery claims that trial counsel rendered ineffective assistance when counsel did not object to the trial court correcting its jury instructions during deliberations. He argues that the court giving a mistaken instruction and then correcting the instruction confused the jury and resulted in its finding of guilty on the corrected charges. **See** Lowery's Br. at 28-29.

The PCRA court dismissed this allegation, concluding that it was meritless, and noting that it was unclear how Lowery was prejudiced. **See** PCRA Ct. Op. at 6-7.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

***Commonwealth v. Roane***, 142 A.3d 79, 95 (Pa.Super. 2016) (citations omitted) (alteration in original).

Here, during deliberations, the jury sent a question to the court asking for an explanation of the difference between the elements of the charges of aggravated indecent assault and unlawful contact with a minor. Upon review of the jury's question, the court realized that it had erroneously instructed the jury based on the wrong subsection. ***See*** N.T. Trial, 6/28/10, at 2-4.

> THE COURT: All right. Correct this. When I gave the jury an idea of what was involved at the beginning of the trial, I did make reference to the age.
>
> [PROSECUTOR]: That's correct.
>
> THE COURT: When I gave the charge, I left it out.
>
> [PROSECUTOR]: Correct.
>
> THE COURT: And should have, I believe, included it.
>
> [PROSECUTOR]: I believe it is up to the [c]ourt. I thought Your Honor had considered both points for charge and determined to give the point without the age.
>
> THE COURT: I forgot it.
>
> [PROSECUTOR]: Okay.
>
> THE COURT: And I need to tell them that I forgot it. Okay. So for all [intents and] purposes, this is the first time that I'm giving them the charge correctly, because that would be an additional element, I believe.
>
> [PROSECUTOR]: It is, in fact, almost entirely different elements, Your Honor. That's why I thought the [c]ourt decided to give the different charge[.]
>
> * * *
>
> [PROSECUTOR]: Your Honor charged them aggravated indecent assault, lack of consent.

THE COURT: What do you believe it should have been?

[PROSECUTOR]: I believe that is appropriate under the testimony. Your Honor could have charged them under where consent is immaterial and it is under 16, four or more years older.

\* \* \*

THE COURT: Okay. Here we go. Aggravated indecent assault, child under the age of 16, defendant at least four years older. I know this is what I told them about, when I first started. This is what I should have instructed them on.

\* \* \*

THE COURT: But now, I'm on the right page. Are you objecting to me giving the correct instruction now?

[PROSECUTOR]: No, Your Honor.

THE COURT: Are you?

[DEFENSE COUNSEL]: No, Your Honor.

THE COURT: All right. There is no problem with making mistakes. It's making sure the jury understands that a mistake was made. They will recall, as I tell them, that when I gave my informal instructions to them, I made reference to ages. And you'll recall, when I gave my instruction, I gave an incorrect instruction. And I'll tell them that this is the instruction that they're required to follow. . . .

*Id.* at 3-8.

The court then explained the following to the jury:

THE COURT: . . . You would like to know what the difference is between charge No. 3 and charge No. 4 . . . .

I'm assuming that you want to be recharged on aggravated indecent assault and unlawful contact with a minor. . . . Is that correct?

THE FOREPERSON: Yes.

THE COURT: The general answer to the question you're asking for the difference between them and in instructing you, you will see

- 11 -

the difference and this is the reverse to that. On some of the other charges, I told you what similarities there were. There are no similarities between the elements for count No. 3, aggravated indecent assault, and count No. 4 . . . unlawful contact with a minor. They're separate and distinct crimes. Okay.

. . . I'm going to draw your attention to the beginning of this trial, when . . . I talked about an age difference between the alleged victim, [C.F.], and the defendant, in my loose definition of aggravated indecent assault. I didn't realize just until now, in preparation for recharging you, that possibly on two occasions, I gave you the wrong instruction, entirely, because there was never any reference in those elements about the age difference that I'm going to, now, share with you. The fact that the alleged victim was a certain age and that the defendant was four years older. That is what I gave you when I first started the trial. When I instructed you on those two occasions on . . . Thursday, . . . I never included the proper section, so you'll be receiving this instruction for the first time as it relates to aggravated indecent assault. You have not heard that definition. This is the law that you're required to follow. I've fallen on a sword, ladies and gentlemen. I gave the wrong one. Stuff happens. Okay.

*Id.* at 15-18. The court then instructed the jury on the elements of aggravated indecent assault and unlawful contact with a minor. ***See id.*** at 18-22.

Upon review, we agree that Lowery did not establish that trial counsel was ineffective for failing to object to the court correcting itself and providing the jury with the correct jury instruction. Looking at the jury instructions as a whole, including the court's explanation for its correction, the court ultimately provided the jury with the correct law upon which to base its decision. ***See Roane***, 142 A.3d at 95. Hence, Lowery has not proven that his claim has merit.

In the fourth ground, Lowery argues that counsel rendered ineffective assistance by failing to move to dismiss the aggravated indecent assault

charge, which he claims the Commonwealth improperly amended to the complaint. *See* Lowery's Br. at 30-31.

> When assessing whether counsel had a reasonable basis for his act or omission, the question is not whether there were other courses of action that counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest. As the Commonwealth accurately states, this cannot be a hindsight evaluation of counsel's performance, but requires an examination of whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect [the] defendant's interests. Our evaluation of counsel's performance is "highly deferential.

*Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016) (citations and some quotation marks omitted) (alteration in original). "We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (citation and quotation marks omitted).

We conclude that Lowery has failed to show that counsel's decision lacked a reasonable basis. The record reveals that trial counsel did object to the Commonwealth amending the complaint, and the trial court overruled the objection. *See* N.T. Hearing, 11/26/08, at 4-5. Lowery has not proven that filing a motion to dismiss the aggravated indecent assault charge as being improperly added to the complaint would offer a potential for success substantially greater than objecting to its addition when the complaint was

- 13 -

amended. **See Chmiel**, 30 A.3d at 1127. As such, the PCRA court did not err when it dismissed this claim.

In his fifth and sixth claims, Lowery argues that the PCRA court erred when it found both claims waived based on a lack of specificity in Lowery's concise statement of errors complained of on appeal. **See** Lowery's Br. at 32-41.

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. **See Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa.Super. 2006). Pennsylvania Rule of Appellate Procedure 1925(b)(4)(ii) provides that an appellant's Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b)(4)(vii) provides that "[i]ssues not included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

"[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa.Super. 2011) (brackets, internal quotation marks, and citation omitted). "[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa.Super. 2001).

With respect to the fifth claim of ineffective assistance, Lowery's concise statement of errors states the following: "Trial counsel rendered ineffective assistance by failing to investigate, prepare, and introduce evidence and call witnesses at trial that would have raised a reasonable doubt as to [Lowery's] guilt and compelled his acquittal." Concise Statement, 11/30/20, at 2.

The PCRA court found that Lowery "does not specify a witness or any specific piece of evidence that trial counsel allegedly did not explore at trial. Thus, [the PCRA c]ourt is unable to evaluate how it would have impacted [Lowery's] trial. There is nothing in this issue that [the PCRA c]ourt can effectively evaluate." PCRA Ct. Op., at 9.

We agree with the PCRA court that Lowery's Rule 1925(b) statement is too vague to allow the court to identify the issue raised in his fifth ground of ineffective assistance. *See Dowling*, 118 A.2d at 686-87. Hence, we conclude that the court did not abuse its discretion when it dismissed this claim.[6]

_____

[6] Moreover, even if his concise statement had clearly and unambiguously raised the arguments he now makes in his brief, those arguments would not merit relief. Lowery first claims that trial counsel rendered ineffective assistance by not introducing evidence to establish Lowery's real name. However, he has not shown that he was prejudiced by the evidence and testimony referring to him by two names, especially given that the trial court issued an instruction to the jury explaining that Lowery has been called different names and nicknames throughout his life. *See Spotz*, 84 A.3d at 311-12.

Second, Lowery's claim that counsel was ineffective for failing to introduce evidence that would have impeached the victim's credibility regarding the date of the incident, would be meritless. Again, Lowery has not established that the results of trial would have been different if counsel had introduced evidence

*(Footnote Continued Next Page)*

In the sixth claim, Lowery's concise statement provides: "Trial counsel rendered ineffective assistance by failing to move for arrested judgment before or at sentencing on the basis that the affidavit of probable cause was based on governmental misconduct and therefore it was invalid." Concise Statement, at 2.

The PCRA court again found the issue waived for lack of specificity. It concluded that Lowery

> makes unsubstantiated allegations of government misconduct and alleges that trial counsel should have moved for arrested judgment before or at sentencing. [Lowery] has failed to provide any documents to support these allegations, thus, this issue is waived for lack of specificity. Without any supporting documents, there is nothing for [the PCRA c]ourt to evaluate.

PCRA Ct. Op., at 9.

Upon review, it would appear that Lowery's sixth ground of ineffective assistance of counsel suffers not from a lack of specificity, but rather the statement violates the requirement that documents in support of grounds for relief should be attached to the petition. Our Rules of Criminal Procedure provide that in a PCRA petition, "[t]he defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." Pa.R.Crim.P. 902(D).

---

that the victim at one point said that the attack occurred on June 15th and at one point that it occurred on June 14th. Hence, because he cannot show that he was prejudiced by counsel's actions, these claims would fail even if he had not waived them. ***See id.***

- 16 -

However, although Lowery did not attach to his amended petition the affidavits of probable cause on which he bases his claim of governmental misconduct, he did attach the affidavits to his *pro se* petition. **See** *Pro Se Petition*, at Exhibit H. The PCRA court again did not provide notice in its Rule 907 notice that it intended to dismiss this count because Lowery failed to provide documents in support of the allegations. If it had, Lowery could have supplemented the amended petition with the copies of the affidavits of probable cause that he had attached to his *pro se* petition. Accordingly, we vacate the PCRA court's order with respect to ground six, and remand to the PCRA court.

In his seventh ground, Lowery alleges that trial counsel rendered ineffective assistance when counsel failed to object at sentencing to details of his criminal history. **See** Lowery's Br. at 42-45. Lowery claims that trial counsel failed to object to mischaracterization of his prior robbery conviction as an armed robbery and failed to object to a misstatement of the number of months (six months rather than nine months) after release from custody before he violated his parole.

During sentencing, the trial court asked about Lowery's previous offenses and how he was given a prior record score of two. **See** N.T. Sentencing, 10/02/10, at 29. The prosecutor explained that Lowery had a prior plea to robbery and conspiracy from 1997. **See id.** at 30. The court asked if it was an armed robbery, and the prosecutor stated: "It was. The defendant was originally charged with robbery, VUFA, and conspiracy. It was not clear

from the Quarter Sessions file whether he was the gun man or not. He pled to robbery and conspiracy." *Id.*

The trial court then summarized that Lowery's prior record score is two, his offense gravity score is a ten, and with those, the standard guidelines range sentence would be 36 to 48 months of imprisonment, plus or minus 12 months. *See id.* at 33.

Defense counsel requested a sentence of 36 to 48 months for both cases.[7] *See id.* at 36. During her sentencing argument, the prosecutor discussed Lowery's past criminal history and mentioned that Lowery was "paroled shortly after the minimum of his sentence for robbery, and less than six months later, violated his parole." *See id.* at 42-43. The prosecutor asked that the court sentence Lowery to a period of 11 to 22 years for the charges for which he was found guilty at trial. *See id.* at 44.

Ultimately, the trial court sentenced Lowery in this case to an aggregate sentence of three to six years followed by a five-year term of reporting probation. *See id.* at 50-51.

We conclude that Lowery has not demonstrated that the trial court would have imposed a lesser sentence if trial counsel had objected to the characterization of Lowery's prior robbery conviction as an armed robbery and

---

[7] The trial court was also sentencing Lowery on a DUI and firearm case, which is not presently before us on appeal. In that matter, the court imposed a sentence of one to two years and 72 hours of incarceration followed by a seven-year probationary tail. The court imposed this sentence consecutively to the sentence in the present case.

to the misstatement of the time between when he was paroled in a prior case and when he violated his parole. Hence, he cannot show prejudice. **See Spotz**, 84 A.3d at 311-12. Lowery's seventh claim of ineffective assistance of counsel merits no relief.

In his eighth issue, Lowery claims that appellate counsel was ineffective for failing to raise on direct appeal issues concerning the corrected jury instruction, amendment of the complaint, alleged governmental misconduct related to the affidavit of probable cause, and misleading sentencing information. **See** Lowery's Br. at 45-46. Because we vacate and remand Lowery's claim of ineffective assistance of counsel with respect to the governmental misconduct, this issue is not yet ripe for appeal.

In his ninth issue, Lowery claims that the cumulative prejudicial effect of the errors described denied him due process and the effective assistance of counsel. **See id.** at 46. However, because we vacate the PCRA court's order and remand on two grounds of ineffective assistance asserted, Lowery's claim of cumulative prejudice is not yet ripe.

Finally, Lowery contends that the PCRA court erred by not conducting an evidentiary hearing concerning the claims raised in his PCRA petition. **See id.** at 15-17. Lowery does not provide specific issues of material fact which he argues a hearing must resolve. He instead recites a list of his claims of ineffective assistance and concludes that the court erred in not conducting a hearing concerning them. **See id.** at 16-17.

The PCRA court concluded that Lowery "had not met his burden to establish that an evidentiary hearing would have borne fruit. [The PCRA court] found [Lowery's] arguments to be underdeveloped and not credible. This issue is meritless." PCRA Ct. Op., at 10.

A PCRA court must hold a hearing when there is a genuine issue of material fact that it must resolve before deciding the PCRA petition, and we review the failure to hold a hearing for error of law. *See Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citing *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa.Super. 2015)).

Presently, Lowery has not demonstrated that there was a genuine issue of material fact concerning any of the claims on which we are affirming the dismissal. *See id.* Furthermore, because we have remanded to the PCRA court on two of Lowery's claims, his claim of error based on a lack of an evidentiary hearing for those claims is not yet ripe. If, after remand, Lowery still concludes that there was a genuine issue of material fact and that the PCRA court erred by failing to conduct a hearing in some respect, he may raise that claim at that time.

Accordingly, for the aforementioned reasons, we affirm in part and vacate in part the PCRA court's order dismissing Lowery's petition. We vacate the order with respect to ground one (failure to call Step Grandmother as witness) and ground six (failure to raise claim of governmental misconduct with respect to affidavit of probable cause) and remand to the PCRA court in

accordance with this Memorandum. We affirm the PCRA court's order in all other respects.

Order affirmed in part and vacated in part. Case remanded to PCRA court. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 11/10/2021