J-A29014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORNELL DANTE NEAL | : | |
| | : | |
| Appellant | : | No. 720 WDA 2021 |

Appeal from the PCRA Order Entered April 19, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001037-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORNELL DANTE NEAL | : | |
| | : | |
| Appellant | : | No. 721 WDA 2021 |

Appeal from the PCRA Order Entered April 19, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002114-2017

BEFORE:  BENDER, P.J.E., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  NOVEMBER 30, 2021**

Appellant, Cornell Dante Neal, attempts to appeal *nunc pro tunc* from the post-conviction court's April 19, 2021 order (entered in his two, separately-docketed cases) denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. We only note that, on January 7, 2019, Appellant pled *nolo contendere* to various offenses in two separate cases, including possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and possession of a firearm by a person prohibited. Pursuant to Appellant's negotiated plea agreement, he was sentenced on April 18, 2019, to an aggregate term of 2 to 4½ years' incarceration. He did not file a direct appeal and, thus, his judgment of sentence became final thirty days thereafter, or on May 18, 2019. **See** 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to the Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

On August 6, 2019, Appellant filed a *pro se* PCRA petition. The court denied his petition without appointing counsel. Appellant then appealed to this Court, and we ultimately remanded for a determination of whether Appellant was entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). On remand, counsel was appointed and, after delays due to other

procedural complications not pertinent to this appeal, counsel filed an amended PCRA petition on Appellant's behalf on October 30, 2020.

After conducting a PCRA hearing on January 12, 2021, the court issued an order and opinion denying Appellant's petition. That order was dated April 16, 2021, but was entered on the docket on April 19, 2021. Appellant did not file a timely notice of appeal. However, on June 14, 2021, his counsel filed a "Motion to File Appeal *Nunc Pro Tunc*," simply stating that Appellant "would like the opportunity to raise on appeal those issues that were denied in his PCRA [p]etition." Motion, 6/14/21, at 1 (single page). On June 17, 2021, the court issued an order granting Appellant leave to file a *nunc pro tunc* appeal.

Appellant filed notices of appeal in each of his two cases on June 22, 2021.[1] That same day, he filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered to do so by the PCRA court. The court issued a "Statement in Lieu of Opinion" on July 1, 2021, indicating that the reasons for its dismissal of Appellant's petition were set forth in its April 19, 2021 order and opinion.

Herein, Appellant states four issues for our review:

1. Whether Appellant's constitutional rights were violated when he was not provided with notice of the preliminary hearing in case No. 2114 of 2017 that was scheduled for November 1, 2017?

2. Whether Appellant was forced to plead [*nolo contendere*] in the above[-] captioned cases?

---

[1] This Court *sua sponte* consolidated Appellant's appeals on July 9, 2021.

3. Whether Appellant's counsel, Michael Ford, Esq., was ineffective for failing to explain to him the terms of the plea bargain and the consequences of pleading [*nolo contendere*]?

4. Whether Attorney Ford was ineffective for failing to investigate these cases before Appellant plead [*sic*] [*nolo contendere*]?

Appellant's Brief at 3 (unnecessary capitalization omitted).

To begin, we note that our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). Before addressing Appellant's issues, we must *sua sponte* examine whether the PCRA court possessed jurisdiction to reinstate his right to file the present appeal *nunc pro tunc*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) ("[T]o confirm proper jurisdiction, it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition from which *nunc pro tunc* appellate rights have been reinstated, even where the Commonwealth has not separately appealed (or appeals but then withdraws its appeal) from the order granting relief."). It is clear that Appellant's "Motion to File Appeal *Nunc Pro Tunc*" was technically his second PCRA petition. **See id.**; **see also Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions.") (citations omitted). Furthermore, that petition was untimely because it was filed on June 14, 2021, over one year after Appellant's judgment of sentence became final on May 18, 2019. **See** 42 Pa.C.S. § 9545(b)(1) (stating that any PCRA petition, including a second or subsequent

- 4 -

one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies). Appellant did not attempt to plead or prove the applicability of any timeliness exception in his "Motion to File Appeal *Nunc Pro Tunc*." Thus, we conclude that the court lacked jurisdiction to reinstate Appellant's right to appeal *nunc pro tunc* from the April 19, 2021 order dismissing his petition.

Nevertheless, we will not quash Appellant's appeal. When the court issued the order denying Appellant's petition, it did not advise him of his "right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed[,]" as required by Pa.R.Crim.P. 908(E).[2] **See** PCRA Court Order, 4/19/21, at 1 (single page). Thus, Appellant was not informed that he could appeal from the court's April 19, 2021 order, or that he had thirty days within which to do so. The court's failure to adhere to Rule 908(E) constituted a breakdown in the operation of the court. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020), *appeal denied*, 251 A.3d 773 (Pa. 2021) (indicating that "a breakdown occurs in the court system" when "a defendant is misinformed or misled regarding his appellate rights"). This Court has declined to quash "an otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted

---

[2] We also note that Appellant was not notified of his rights at the close of the PCRA hearing, as the court took the matter under advisement. **See** N.T. PCRA Hearing, 1/12/21, at 27.

in an untimely appeal." ***Commonwealth v. Khalil***, 806 A.2d 415, 420 (Pa. Super. 2002). ***See also Commonwealth v. Rodriguez***, 174 A.3d 1130, 1138-39 (Pa. Super. 2017), *appeal denied*, 186 A.3d 941 (Pa. 2018); ***Commonwealth v. Braykovich***, 664 A.2d 133, 137-38 (Pa. Super. 1995). Therefore, we will not quash Appellant's untimely appeal.

In Appellant's first issue, he briefly contends that he should be permitted to withdraw his *nolo contendere* plea because he was "effectively denied … his right to a [p]reliminary [h]earing" when he was not provided notice of that proceeding and it was conducted in his absence, without objection by his counsel. Appellant's Brief at 9.

Appellant's cursory argument is meritless. It is well-settled that when a defendant enters a plea, "he waives the right to challenge anything but the legality of his sentence and the validity of his plea." ***Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007). Thus, Appellant waived any challenge to his absence at the preliminary hearing by pleading *nolo contendere*. Moreover, we reject his attempt to assert an ineffectiveness claim by stating, in a single sentence, that his attorney "failed to ask to have the [p]reliminary [h]earing continued as a result of his client's absence." Appellant's Brief at 9. Appellant's undeveloped argument does not overcome the presumption that counsel acted effectively or demonstrate that he has met all three prongs of the test for proving ineffectiveness. ***See Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted) ("It is well-established that counsel is presumed to have provided effective representation unless the

PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.").

In Appellant's next three issues, which he combines in a single Argument section spanning just three pages of his brief, he contends that his plea counsel acted ineffectively by not adequately investigating his case, by forcing him to enter his plea, and by failing to explain to him the terms and consequences thereof. *See* Appellant's Brief at 10-12.

The record does not support Appellant's arguments. Namely, at the PCRA hearing, Appellant's plea counsel testified that he conducted an "extensive" investigation of Appellant's case, and he filed a pretrial motion to suppress evidence, which was ultimately denied. N.T. PCRA Hearing at 23. After the motion to suppress was denied, counsel decided to advise Appellant to enter the *nolo contendere* plea. *Id.* Counsel testified that he explained the terms of the plea to Appellant, and he and Appellant "had extensive conversations about the likelihood of success going forward in terms of trial[,]" as compared to accepting the plea deal offered by the Commonwealth. *Id.* at 22. Counsel adamantly denied having forced Appellant to accept the plea, stating that he simply "advised [Appellant] that in [counsel's] opinion[, the plea] would be in his best interests." *Id.* at 22, 23. The PCRA court clearly believed counsel's testimony, and we are bound to accept the court's

credibility determination. ***See Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa. Super. 2014) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Thus, we discern no error in the court's dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2021